IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KANIU HUIHUI, #12097-122, <br><br> Petitioner, <br><br> v. <br><br> ESTELLA DERR; et al., <br><br> Respondents. | CIVIL NO. 22-00508 JAO-KJM <br><br> **DISMISSAL ORDER** |

## DISMISSAL ORDER

On December 8, 2022, the Court received from pro se Petitioner Kaniu Huihui ("Huihui") a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. In the Petition, Huihui asserts that she was eligible for placement in a Residential Reentry Center ("RRC") in September or November 2022, and, because there is no RRC in Hawaiʻi, the Court should order the Federal Bureau of Prisons ("BOP") to place her in home confinement. *Id.* at 2. The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). For the following reasons, the Petition is DISMISSED without leave to amend.

## I.  BACKGROUND

In 2021, Huihui pleaded guilty to attempted possession of fifty grams or more of a mixture and substance containing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1), and 21 U.S.C. § 846.  *See* Memorandum of Plea Agreement, *United States v. Huihui*, Cr. No. 20-00024 DKW (D. Haw. Dec. 15, 2021), ECF No. 285.  She was sentenced to fifty-eight months' imprisonment and four years of supervised release.  *See* Judgment in a Criminal Case, *Huihui*, Cr. No. 20-00024 DKW (D. Haw. Oct. 26, 2022), ECF No. 397.

Huihui is currently in the custody of the BOP at the Federal Detention Center in Honolulu, Hawaiʻi ("FDC Honolulu").  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number" tab; enter "12097-122" in "Number" field; and select "Search") (last Jan. 11, 2023).  The BOP's inmate locator reflects that Huihui's projected release date is December 7, 2024.  *Id.*

The Court received the Petition on December 8, 2022, ECF No. 1, and the associated filing fee on January 10, 2023, ECF No. 4.  In the Petition, Huihui asks the Court to order the BOP to place her in home confinement because there is no RRC in Hawaiʻi.  ECF No. 1 at 2.

## II.  SCREENING

Habeas Rule 4 states that a district court "must promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Mayle v. Felix*, 545 U.S. 644, 656 (2005); *see Hung Viet Vu v. Kirkland*, 363 F. App'x 439, 441–42 (9th Cir. 2010).  This rule also applies to a habeas petition brought under 28 U.S.C. § 2241.  *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

## III.  DISCUSSION

**A.  Habeas Petitions Under 28 U.S.C. § 2241**

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions."  28 U.S.C. § 2241(a).  A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B.     **Home Confinement**

Huihui asks the Court to order the BOP to place her in home confinement because there is no RRC in Hawaiʻi. ECF No. 1 at 2.

The BOP is vested with the authority to determine the place of an inmate's imprisonment. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) ("Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons." (internal quotation marks and citations omitted)). District courts generally lack jurisdiction to review a placement designation made by the BOP. *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under [18 U.S.C. § 3621(b)] is not reviewable by any court." 18 U.S.C. § 3621(b); *Ahmad v. Jacquez*, 860 F. App'x 459, 461 (9th Cir. 2021) ("[P]ursuant to 18 U.S.C. § 3621(b), Congress stripped federal courts of jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment.").

Regarding prerelease custody, 18 U.S.C. § 3624(c)(1) states that the BOP must, to the extent practicable, "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and

4

prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1).

The BOP may use its authority under 18 U.S.C. § 3624(c)(1) "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2); *see Bonneau v. Salazar*, 804 F. App'x 717, 718 (9th Cir. 2020). Section 3624(c)(2) further states that "[t]he Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2).

"[W]hether to transfer an inmate to home confinement is a decision within the exclusive discretion of the BOP." *Washington v. Warden Canaan USP*, 858 F. App'x 35, 36 (3d Cir. 2021) (per curiam) (citations omitted); *see also United States v. Mattice*, No. 20-3668, 2020 WL 7587155, at *2 (6th Cir. 2020) ("[T]he BOP has sole discretion to transfer an inmate to home confinement." (citations omitted)); *Cruz v. Jenkins*, No. 20-CV-03891-LHK, 2020 WL 6822884, at *3 (N.D. Cal. Nov. 20, 2020) (stating that 18 U.S.C. § 3624 "gives the BOP discretion over the location of confinement").

The CARES Act expanded the BOP's discretionary authority for placement in home confinement by allowing the BOP to "lengthen the maximum amount of time for which the [BOP] is authorized to place a prisoner in home confinement

under the first sentence of section 3624(c)(2) of title 18 . . . as the [BOP] determines appropriate." § 12003(b)(2), 134 Stat. at 516.

Even after the CARES Act, however, the decision to transfer an inmate to home confinement remains "within the discretion of the BOP, and is not within the purview of the District Court." *United States v. Jefferson*, No. 21-2020, 2021 WL 4279626, at *3 (3d Cir. Sept. 21, 2021) (per curiam) (citations omitted); *see also United States v. Pearson*, No. 21-10750, 2021 WL 4987940, at *1 n.1 (11th Cir. Oct. 27, 2021) (per curiam) ("[T]he district court lacked the authority to grant [federal prisoner] relief under [the First Step Act and the CARES Act] because they place home-confinement decisions exclusively within the discretion of the Attorney General and the Bureau of Prisons."); *Cruz*, 2020 WL 6822884, at *3 (stating that, even after the CARES Act, the BOP's placement determination "remains discretionary").

Here, to the extent Huihui argues that the Court should order the BOP to place her in home confinement because there is no RRC in Hawaiʻi, ECF No. 1 at 2, that claim is not cognizable under 28 U.S.C. § 2241. As noted, *supra*, 18 U.S.C. § 3621(b) gives the BOP discretion over the place of an inmate's confinement. The BOP's discretion includes whether to place an inmate in an RRC or home confinement. *See Randock v. Adler*, No. 1:10-cv-00170 GSA HC, 2010 WL 785871, at *1 (E.D. Cal. Mar. 4, 2010) ("[T]he determination whether Petitioner

should be placed in an RRC is entirely within the discretion of the BOP."); *Rand v. Carvajal*, Case No. 2:21-cv-00720-AB (AFM), 2021 WL 3411198, at *2 (C.D. Cal. May 21, 2021) ("Congress gave the Attorney General, and by designation the BOP, exclusive authority to determine custody placements including placement in home confinement." (citations omitted)), *report and recommendation adopted*, Case No. 2:21-cv-00720-AB (AFM), 2021 WL 3406471 (C.D. Cal. Aug. 4, 2021). The Ninth Circuit has concluded that an exercise of this discretion may not be challenged via a Section 2241 petition.  *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625."). The Petition is therefore DISMISSED without leave to amend.

//

//

//

//

//

//

//

## IV.  CONCLUSION

(1) The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is DISMISSED without leave to amend.

(2) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, January 13, 2023.



Jill A. Otake
United States District Judge

*Huihui v. Derr*, Civil No. 22-00508 JAO-KJM; DISMISSAL ORDER